IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAMON HUNTER ROBINS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:26-CV-2383-L-BN** |
| | § | |
| **FNU LNU,** | § | |
| | § | |
| Defendant. | § | |

**ORDER**

On September 22, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 6) was entered, recommending that the court dismiss without prejudice this action for lack of subject matter jurisdiction because Plaintiff's standalone motion for relief under Federal Rule of Civil Procedure 60(b) does provide a basis for jurisdiction, there is no record of any other case by him, and the court has no way of identifying the defendant that he seeks to sue. Instead of recommending that Plaintiff be allowed to amend his pleadings, the magistrate judge correctly notes that Plaintiff's ability to file objections to the Report offers him an adequate opportunity to establish (if possible) a valid basis for the court to exercise jurisdiction over this action. No objections to the Report, however, were filed, and the 14-day deadline for doing so has expired.

Having considered the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** this action for lack of jurisdiction.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. See 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the

court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 27th day of October, 2026.

Sam A. Lindsay
United States District Judge